IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM ORAN CARR; | § | |
|     *Plaintiff,* | § | |
| | § | |
| VS. | § | C. A. NO. _____ |
| | § | JURY |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | |
|     *Defendant* | § | |

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant State Farm Mutual Automobile Insurance Company (State Farm) files this Notice of Removal.

### I.   PROCEDURAL BACKGROUND

1. Plaintiff William Oran Carr (Plaintiff) filed this action on February 17, 2015 against State Farm in the 68th Judicial District Court of Dallas County, Texas.[1] That case was docketed under cause number DC-15-01849. State Farm was served with citation on March 5, 2015.[2] Plaintiff's lawsuit against State Farm shall hereinafter be referred to as "the State Court Action".

2. State Farm filed its Original Answer, Verified Denial and Special Exceptions on March 26, 2015.[3] State Farm also filed a jury demand in the State Court Action on March 26, 2015. [4]

---

[1] See Ex. A-2, Pl.'s Org. Pet.
[2] See Ex. A-5, the Citation served to State Farm.
[3] See Ex. A-7, State Farm's Org. Answer.
[4] See Ex. A-8.

1

3. State Farm files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 68th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

## II. NATURE OF THE SUIT

4. This lawsuit involves a dispute over insurance benefits for an underinsured motorist claim that Plaintiff submitted to State Farm for an accident that reportedly occurred on January 3, 2013.

## III. BASIS FOR REMOVAL

5. The Court has jurisdiction over this action under 28 U.S.C. §1332 because there is and was complete diversity between all parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Diversity of the Parties

6. Removal is proper because there is and was complete diversity between the properly joined parties under 28 U.S.C. §1332 both at the time of the filing of Plaintiff's Original Petition and at the time of its removal to this Court.

7. Plaintiff was, at the time of filing this lawsuit, and still is, a citizen of Dallas County, Texas and resides in Dallas County.[5]

8. State Farm is an Illinois corporation licensed to issue insurance policies in the State of Texas. Pursuant to 28 U.S.C. §1332(c)(1), the citizenship of State Farm, as an the insurer of an Uninsured/Underinsured policy, is determined by its state of incorporation and the location of its principal place of business. State Farm was incorporated in Illinois before February 17, 2015, the date on which Plaintiff commenced the State Court Action.

---

[5] See Ex. A-2, Pl.'s Org. Pet. at Section III, p. 2.

State Farm's principal place of business has been in Illinois on each and every day since and including February 17, 2015.

9. Consequently, State Farm may remove this action pursuant to 28 U.S.C. §1441 because complete diversity of citizenship exists.

### B. Amount in Controversy

10. The value of the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Pursuant to Plaintiff's Original Petition, "… Plaintiff seeks monetary relief of over $100,000 but not more than $200,000."[6]  Based on the allegations in Plaintiff's Original Petition, it is facially apparent that the "amount in controversy" requirement of 28 U.S.C. §1332(a) has been satisfied.

## IV. REMOVAL IS PROCEDURALLY CORRECT

### A. State Farm's Notice of Removal is Timely Filed

11. Pursuant to 28 U.S.C. §1446(b)(3), State Farm files this Notice of Removal within thirty days after service to State Farm of the citation and a copy of the initial pleading setting forth Plaintiff's claim for relief against State Farm. The State Court Action was filed on February 17, 2015. On March 5, 2015, Plaintiff served the citation and Original Petition on State Farm. Therefore, this notice of removal is timely filed before the expiration of 30 days following the receipt of the Citation and Original Petition

### B. State Farm's Notice of Removal Complies With All Other Procedural Requirements

12. Venue is proper in this division under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

---

[6] See Ex. A-2, Pl.'s Org. Pet. at Section I, pp. 1-2. *See also*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) (Defendant can remove based on the amount in the complaint).

13. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon State Farm in the State Court Action are attached to this notice along with the documents filed and served by State Farm in the State Court Action.[7]  Additionally, pursuant to Local Rule 81.1, a copy of the Register of Actions[8] for the State Court Action is also attached to this notice.[9]

14. Additionally, State Farm is filing the following documents with this Notice of Removal, as further required by L.R. 81.1: completed civil cover sheet; supplemental civil cover sheet; and a certificate of interested persons.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will promptly be given to all parties and to the clerk of the 68th Judicial District Court of Dallas County, Texas.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, State Farm demands a trial by jury.

**PRAYER**

State Farm respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm also requests any additional relief to which it may be entitled.

---

[7] See *Index of Matters Filed,* attached as Ex. A.
[8] Pursuant to L.R. 81.1, the Northern District states that a docket sheet for the State Court Action be filed with the Notice of Removal. Pursuant to State Farm's counsel's office's communications with the State Court, docket sheets are no longer generated. Accordingly, State Farm attaches a copy of the Register of Actions available from the Dallas County online court records for the State Court Action which includes the information generally included on a docket sheet.
[9] See Ex. A, *Index of Matters Filed.*

Respectfully submitted,


By   */s/ Kathleen Crouch*
    Kathleen Crouch
    State Bar No. 05144310
    Federal ID No. 10835

Nistico, Crouch & Kessler, P.C.
4008 Gateway, Suite 120
Colleyville, Texas 76034
Telephone: (817) 858-0362
Telecopier: (214) 722-0744
Email: kccrouch@nck-law.com
**Counsel for State Farm Mutual Automobile Insurance Company**

**OF COUNSEL:**
Rachel E. Wall
State Bar No. 24066254
Federal ID No. 1151949
Nistico, Crouch & Kessler, P.C.
4008 Gateway, Suite 120
Colleyville, Texas 76034
Telephone: (817) 858-0362
Telecopier: (214) 722-0744
Email: rwall@nck-law.com

## **CERTIFICATE OF SERVICE**

      I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by FED.R.CIV.P. 5(b)(2) on this 2nd day of April, 2015, as indicated below:

**Joshua A. Cohen**
**Amy K. WItherite**
Eberstein & Witherite, LLP
3100 Monticello Avenue, Suite 500
Dallas, Texas 75205
**VIA FACSIMILE (214) 378-6670 &**
**CERTIFIED MAIL/RRR #7013 2630 0001 9803 5220**

                                              */s/Kathleen Crouch*
                                                  Kathleen Crouch