# EXHIBIT A-2

1 CIT E-SERVE

Case 3:15-cv-01026-M   Document 1-5   Filed 04/02/15   Page 2 of 11   PageID 15

FILED
DALLAS COUNTY
2/17/2015 9:19:07 PM
FELICIA PITRE
DISTRICT CLERK

Bernita Jefferson

DC-15-01849

**CAUSE NO. _____**

| | | |
|---|---|---|
| **WILLIAM ORAN CARR;** § | | **IN THE DISTRICT COURT OF** |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| **VS.** § | | **DALLAS COUNTY, TEXAS** |
| § | | |
| **STATE FARM MUTUAL AUTOMOBILE** § | | |
| **INSURANCE COMPANY;** § | | |
| § | | |
| **Defendant.** § | | C-68TH _____ **JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR
DISCLOSURE, FIRST SET OF INTERROGATORIES, FIRST REQUEST
FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION AND
REQUEST FOR PRIVILEGE LOG TO DEFENDANT**

**TO THE HONORABLE COURT:**

COMES NOW, Plaintiff, William Oran Carr, complaining of Defendant, State

Farm Mutual Automobile Insurance Company and respectfully shows the Honorable

Court and Jury as follows:

**I.**

**DISCOVERY CONTROL PLAN**

Discovery is intended to be conducted under Level 3, pursuant to Rule 190 of

the TEXAS RULES OF CIVIL PROCEDURE.

**II.**

**REMOVAL FROM EXPEDITED TRIAL**

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel

states that the damages sought are in an amount within the jurisdictional limits of this

Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel

states that Plaintiff seeks monetary relief of over $100,000 but not more than

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, FIRST SET OF
INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION
AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT – Page 1**

$200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate. Additionally, Plaintiff is seeking non-monetary relief by way of a Declaratory Judgment against Defendant State Farm Mutual Automobile Insurance Company.

### III.

### PARTIES

Plaintiff William Oran Carr is an individual resident of Dallas, Dallas County, Texas. His Driver's License Number is *****313 and social security number is ***-**-*009.

Defendant State Farm Mutual Automobile Insurance Company is an insurance company licensed to do business in the State of Texas and said corporation is engaged in writing insurance in Texas. Defendant State Farm Mutual Automobile Insurance Company may be served with process herein by and through its attorney for service, Margie Southard at 8900 Amberglen Boulevard, Austin, Texas 78729.

### IV.

### JURISDICTION AND VENUE

The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court.

The court has jurisdiction over each Defendant because the causes of action arise out of the business Defendant conducted in Texas.

Venue is proper in Dallas County, Texas, as all or a substantial part of the events or omissions giving rise to the claims occurred in Dallas County, Texas.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT – Page 2**

**V.**

**<u>FACTS</u>**

This is a suit for contractual benefits due to Plaintiff William Oran Carr as a result of a motor vehicle collision that occurred on Thursday, January 3, 2013, at or near the intersection of 2900 Colonial Avenue and 1700 Martin Luther King Boulevard within the city limits of Dallas, Dallas County, Texas. Plaintiff William Oran Carr was traveling eastbound on 1700 Martin Luther King Boulevard and had the right-of-way with a solid green light. Patrick Deshawn Thomas, an underinsured motorist was traveling southbound on 2900 Colonial Avenue. Suddenly and without warning, Patrick Deshawn Thomas ran the red stop light and drive into the intersection striking Plaintiff Carr's vehicle. As a result of the collision, Plaintiff William Oran Carr was injured and continues to suffer injuries and damages.

At the time in question William Oran Carr was acting in a reasonable and prudent manner when Patrick Deshawn Thomas, an underinsured motorist, committed a number of acts of negligence during the operation and use of a motor vehicle which served as a proximate cause of the motor vehicle collision and injuries complained of herein. Patrick Deshawn Thomas's acts of negligence were as follows:

1. Patrick Deshawn Thomas failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

2. Patrick Deshawn Thomas ran the red stop light;

3. Patrick Deshawn Thomas failed to allow the intersection to clear;

4. Patrick Deshawn Thomas failed to timely apply the brakes of his vehicle in order to avoid the collision in question; and

     5.    Patrick Deshawn Thomas operated his vehicle at an excessive rate of speed.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## VI.

## CONDITIONS PRECEDENT

Plaintiff asserts that all conditions precedent to the bringing of these causes of action have been performed or have occurred prior to the filing of the causes of action at bar.

At all relevant times, Plaintiff was insured under an automobile insurance policy with Defendant State Farm Mutual Automobile Insurance Company, Policy No. 072173343B, which insured Plaintiff in the event he was damaged or injured by the negligence of an underinsured motorist. Plaintiff has complied with all the terms and conditions of the policy prior to bringing this action. Plaintiff would show that at the time of trial of this matter he will offer into evidence a copy of said policy, unless the original of the same is produced by Defendant State Farm Mutual Automobile Insurance Company at said trial. In this regard, Plaintiff would show that Patrick Deshawn Thomas was in fact an underinsured motorist as defined by law and the policy in question.

Plaintiff presented his claim for underinsured motorist benefits under his contract of insurance with State Farm Mutual Automobile Insurance Company. Plaintiff

pleads that all conditions precedent to filing suit have been complied with, including the statutory notice provision.

## VII.

## **DECLARATORY RELIEF**

Plaintiff asserts claim under Texas Civil Practice and Remedies Code 37.001, *et seq.* to have his rights, status and other legal relationships under the Insurance Policy they purchased from Defendant State Farm Mutual Automobile Insurance Company established by a court of competent jurisdiction. Plaintiff seeks a declaration from the Court that:

A.    The negligence of Patrick Deshawn Thomas in that automobile wreck was the proximate cause of bodily injuries and damages to William Oran Carr, which injuries include the following:

1. Reasonable and necessary health care expenses incurred in the past;

2. Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3. Physical pain and suffering in the past;

4. Physical pain and suffering which, in all reasonable probability, will be endured in the future;

5. Mental anguish suffered in the past;

6. Mental anguish which, in all reasonable probability, will be suffered in the future;

7. Physical impairment suffered in the past; and

8. Physical impairment which, in all reasonable probability, will be suffered in the future.

B.  Plaintiff's claim for underinsured motorist benefits under Policy Number Policy No. 072173343B, (hereafter the "Insurance Policy") as a result of a car wreck that occurred on January 3, 2013, is covered under the Insurance Policy;

C.  Plaintiff William Oran Carr also seeks a declaration determining the amount of underinsured motorist benefits that he is entitled to recover from Defendant State Farm Mutual Automobile Insurance Company after all applicable set-offs and credits, for each of the following elements damages covered under the Insurance Policy:

1. Reasonable and necessary health care expenses incurred in the past;

2. Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3. Physical pain and suffering in the past;

4. Physical pain and suffering which, in all reasonable probability, will be endured in the future;

5. Mental anguish suffered in the past;

6. Mental anguish which, in all reasonable probability, will be suffered in the future;

7. Physical impairment suffered in the past; and

8. Physical impairment which, in all reasonable probability, will be suffered in the future.

Pursuant to §37.009 of the Texas Civil Practice and Remedies Code, Plaintiff seeks all costs and reasonable and necessary attorneys' fees, as are equitable and just, which are incurred or which may be incurred in this matter including all such fees and expenses:

a. For preparation and trial;

b. For an appeal to the Court of Appeals;

c. For making or responding to an application for writ of error to the Supreme Court of Texas; and

d. If application for writ of error is granted by the Supreme Court of Texas.

Plaintiff now asks the Court, pursuant to the Texas Declaratory Judgments Act §37.001 *et. seq.*, for a declaration that his injuries and damages fall within the coverage of the Insurance Policy issued by Defendant State Farm Mutual Automobile Insurance Company and for a declaration of his rights to such benefits and judgment against Defendant.

## VIII.

## DAMAGES

Plaintiff alleges that as a direct and proximate result of the conduct and negligent acts and omissions of the underinsured motorist, Plaintiff is entitled to recover at least the following damages from Defendant State Farm Mutual Automobile Insurance Company:

a. Reasonable and necessary health care expenses incurred in the past;

b. Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering which, in all reasonable probability, will be endured in the future;

e. Mental anguish suffered in the past;

f. Mental anguish which, in all reasonable probability, will be suffered in the

future;

g. Physical impairment suffered in the past; and

h. Physical impairment which, in all reasonable probability, will be suffered in the future.

## IX.

## ATTORNEYS' FEES

Because of the conduct of Defendant, Plaintiff has been forced to engage the services of an attorney to prosecute this action.  Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorneys in the preparation and trial of this action and for any appeals to the court of appeals or the Texas Supreme Court. Therefore, an award of reasonable attorneys' fees is authorized by §37.009 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

## X.

## INTEREST

Plaintiff is also entitled to pre-judgment and post-judgment interest and costs of Court as allowed by law.

## XI.

## U.S. LIFE TABLES

Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XII.

## REQUEST FOR JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fee.

## XIII.

## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE the Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## XIV.

## DISCOVERY DOCUMENTS

Contemporaneously with this petition, Plaintiff serves to Defendant Plaintiff's First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant.

## XV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein; that upon trial hereof, Plaintiff recovers:

1. A declaratory judgment from this Court declaring Plaintiff right to recover under their Insurance Policy;

2. The policy limits payable under the insurance policy made the basis of this suit;

3. Eighteen percent per annum on the policy limits until the day before the judgment is signed;

4. Attorneys' fees;

5. Prejudgment and post-judgment interest at the maximum legal rate as provided by law;

6. Costs of suit; and

7. For such other and further relief, both general and special, at law and in equity, to which Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**

By: /s/ Joshua A. Cohen
**JOSHUA A. COHEN**
State Bar No. 24062671
jcohen@ewlawyers.com
**AMY K. WITHERITE**
State Bar No. 00788698
awitherite@ewlawyers.com
3100 Monticello Avenue, Suite 500
Dallas, Texas 75205
Tel: (214) 378-6665
Fax: (214) 378-6670

**ATTORNEYS FOR PLAINTIFF**