IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM ORAN CARR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1026-M |
| | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE, | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm") has filed a Motion to Compel Plaintiff's Discovery Responses and Oral Deposition. *See* Dkt. No. 14. United States District Judge Barbara M.G. Lynn referred the motion to the undersigned United States magistrate judge for determination. *See* Dkt. No. 15.

For the reasons and to the extent explained below, the Court GRANTS Defendant's Motion to Compel Plaintiff's Discovery Responses and Oral Deposition [Dkt. No. 14].

### Background

This case arises out of an automobile accident from which Plaintiff William Oran Carr complains that he suffered bodily injuries and in which Plaintiff asserts that the driver of the other vehicle was an underinsured motorist. At the time of the accident, the vehicle that Plaintiff was driving was insured under a State Farm personal auto

policy that provided Uninsured/Underinsured Motorist ("UM/UIM") coverage subject to certain terms, conditions, requirements, and exclusions. *See* Dkt. No. 1-5.

Defendant asserts in response that Plaintiff's recovery of UM/UIM benefits is entirely dependent on his ability to prove that he is legally entitled to recover UM/UIM benefits and that States Farm is not obligated to pay any UM/UIM benefits until Plaintiff has established by judgment the amount of his damages, such that the trier of fact must determine the extent of damages due to Plaintiff as a result of his injuries. *See* Dkt. No. 1-10; Dkt. No. 14 at 2.

In the course of discovery in this case after State Farm removed the case to this Court, Plaintiff served responses and answers to State Farm's First Set of Requests for Production and First Set of Interrogatories. *See* Dkt. No. 14-1. Plaintiff's responses to Request for Production No. 16 and answers to Interrogatory Nos. 2, 6-15, 18-20, 22 and 23 indicate that Plaintiff will supplement those responses or answers. *See id.* Plaintiff also raised various objections to Request for Production Nos. 10, 11, 14, and 18 and Interrogatory Nos. 6-12. *See id.*

State Farm also served a Notice of Oral Deposition on Plaintiff's counsel scheduling Plaintiff's oral deposition for a date on which the parties' counsel had mutually agreed. *See* Dkt. No. 14 at 3; Dkt. No. 14-1. But, on the noticed date for the deposition, Plaintiff's counsel contacted Defendant's counsel as Defendant's counsel was leaving her office to travel to Plaintiff's counsel's office for the deposition, and Plaintiff's counsel advised that Plaintiff was not in the Dallas area and that they needed to reschedule the oral deposition. *See* Dkt. No. 14 at 3. State Farm's counsel

thereafter requested that Plaintiff's counsel provide dates for rescheduling the oral deposition but, as of the motion's filing, Plaintiff's counsel had not responded. *See id.*; Dkt. No. 14-1.

Under the Court's Scheduling Order and the parties' stipulation extending certain deadlines, the deadline for completion of discovery in this case is December 18, 2015; all motions that would dispose of all or any part of this case, including motions for summary judgment, must be filed by January 4, 2016; and the case is set for jury trial on the Court's three-week docket beginning April 4, 2016. *See* Dkt. Nos. 8 & 10.

In its motion to compel, Defendant asserts that Plaintiff failed to adequately respond to State Farm's discovery requests and has subsequently failed to amend or supplement his responses, despite State Farm's request to do so, and that Plaintiff has also, thus far, not given his oral deposition, despite requests to reschedule it. *See id.* at 1. State Farm asks the Court to order Plaintiff to appear for an oral deposition on a mutually agreeable date prior to December 18, 2015 and to fully respond to the requests and interrogatories discussed above one week prior to his oral deposition. *See id.* at 5-6.

After the motion was referred, the Court ordered Plaintiff's counsel and Defendant's counsel to confer to attempt to resolve the disputes in the motion and then file a joint status report. *See* Dkt. No. 16. The parties thereafter filed a Joint Status Report that explains that, during a telephone conference, Plaintiff's counsel indicated that his office has attempted to contact Plaintiff in order to obtain information necessary to supplement the discovery responses and available dates for scheduling

Plaintiff's oral deposition but that Plaintiff is not responding, and the parties explain that, due to Plaintiff's failure to respond to his counsel, the parties were not able to resolve the issues presented in Defendant's motion to compel. *See* Dkt. No. 18.

The Court then ordered that Plaintiff file a written response to the motion by December 4, 2015. *See* Dkt. No. 19. Plaintiff has not done so.

**Legal Standards**

I. <u>Failure to Appear for Deposition</u>

Federal Rule of Civil Procedure 37(d)(1)(A) provides that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under [Federal Rule of Civil Procedure] 26(c)." FED. R. CIV. P. 37(d)(2). Under Rule 37(d), "[s]anctions may include any of the orders listed in [Federal Rule of Civil Procedure] 37(b)(2)(A)(i)-(vi)," and, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3).

II.   <u>Supplementing Discovery Responses</u>

Federal Rule of Civil Procedure 26(e)(1) provides that "[a] party ... who has responded to an interrogatory, [or] request for production ... must supplement or correct its ... response: (A) in a timely manner if the party learns that in some material respect the ... response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." FED. R. CIV. P. 26(e)(1).

Federal Rule of Civil Procedure 37(c)(1), in turn, provides that, "[i]f a party fails to provide information ... as required by ... [Rule 26(e)], the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," and that, "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." FED. R. CIV. P. 37(c)(1).

III.   <u>Motion to Compel Discovery Responses</u>

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer an interrogatory under Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P.

37(a)(3)(B)(iii)-(iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

IV.    Allocation of Burdens

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). And a party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection. *See Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004). A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex.

-6-

2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). And the "party asserting a privilege exemption from discovery" – here, Plaintiff – "bears the burden of demonstrating its applicability." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

Prior to the December 1, 2015 amendments, Federal Rule of Civil Procedure 26(b) provided, in pertinent part:

(b) Discovery Scope and Limits.
(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).
....
(2) Limitations on Frequency and Extent.
(C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
(I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Rule 26(c), in turn, provided:

Protective Orders.

(1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Under these rules, the governing case law in this jurisdiction provides that, even if certain discovery requests seek irrelevant information or materials, the party resisting discovery "must have a valid objection to each one in order to escape the production requirement" and that the party resisting discovery must show specifically how each request is not relevant or otherwise objectionable as, for example, overly broad, burdensome, or oppressive. *McLeod*, 894 F.2d at 1485. Further, this Court's case law provides that, under pre-amendment Rule 26(b), "[w]hen the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within

the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Merrill*, 227 F.R.D. at 477-78 (internal quotation marks omitted). And a party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See id.* at 477.

The United States Court of Appeals for the Fifth Circuit further has long held that, under Rule 26(c)(1), "'[t]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990).

The combined effect of these rules and standards has been to place the burden on the party resisting discovery to show that the requested discovery does not fall within Rule 26(b)(1)'s scope of proper discovery – often referred to in shorthand as "relevance" for purposes of discovery – or that a discovery request would impose an undue burden or expense, including one that outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

But Rules 26(b) and 26(c) have been amended, effective December 1, 2015, to provide the following changes (with the newly-added text underlined):

(b) Discovery Scope and Limits.

(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

....

(2) Limitations on Frequency and Extent.

(C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

(c) Protective Orders.

(1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain

matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

The amendments to Rule 26 govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending. The Court finds that applying the standards of Rule 26(b)(1), as amended, to State Farm's motion to compel is both just and practicable.

Further, these amendments to Rule 26 raise the possibility that the burdens imposed on the party resisting discovery discussed above must fundamentally change as well. The Court concludes that that is not so.

First, the Fifth Circuit's holding in *McLeod* requiring an objection by the resisting party was handed down in the face of then-existing Rule 26(b) provisions requiring a court, on a motion or on its own, to limit discovery based on some of the same so-called proportionality factors in amended Rule 26(b)(1). And the amendments do not change the essential text of Rule 26(c)(1), which the Fifth Circuit has interpreted to place the burden on the moving party to specifically show good cause and a specific need for protection. *See Terra Int'l,* 134 F.3d at 306; *Landry*, 901 F.2d at 435.

Further, the textual amendments do not themselves suggest that, before discovery requests must be answered or objected to or before discovery can be compelled under Rule 37(a), the party seeking discovery must first come forward with evidence to show that it is seeking discovery "that is relevant to any party's claim or

defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Finally, the Committee Note on the December 1, 2015 amendments expressly addresses this issue and suggests that the existing allocation of burdens to show undue burden or lack of proportionality have not fundamentally changed:

> Rule 26(b)(1) is changed in several ways.
>
> Information is discoverable under revised Rule 26(b)(1) if it is relevant to any party's claim or defense and is proportional to the needs of the case. The considerations that bear on proportionality are moved from present Rule 26(b)(2)(C)(iii), slightly rearranged and with one addition.
>
> Most of what now appears in Rule 26(b)(2)(C)(iii) was first adopted in 1983. The 1983 provision was explicitly adopted as part of the scope of discovery defined by Rule 26(b)(1). Rule 26(b)(1) directed the court to limit the frequency or extent of use of discovery if it determined that "the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation." At the same time, [Federal Rule of Civil Procedure] 26(g) was added. Rule 26(g) provided that signing a discovery request, response, or objection certified that the request, response, or objection was "not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation." The parties thus shared the responsibility to honor these limits on the scope of discovery. The 1983 Committee Note stated that the new provisions were added "to deal with the problem of overdiscovery. The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The new sentence is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse. The grounds mentioned in the amended

rule for limiting discovery reflect the existing practice of many courts in issuing protective orders under Rule 26(c).... On the whole, however, district judges have been reluctant to limit the use of the discovery devices."

The clear focus of the 1983 provisions may have been softened, although inadvertently, by the amendments made in 1993. The 1993 Committee Note explained: "[F]ormer paragraph (b)(1) [was] subdivided into two paragraphs for ease of reference and to avoid renumbering of paragraphs (3) and (4)." Subdividing the paragraphs, however, was done in a way that could be read to separate the proportionality provisions as "limitations," no longer an integral part of the (b)(1) scope provisions. That appearance was immediately offset by the next statement in the Note: "Textual changes are then made in new paragraph (2) to enable the court to keep tighter rein on the extent of discovery."

The 1993 amendments added two factors to the considerations that bear on limiting discovery: whether "the burden or expense of the proposed discovery outweighs its likely benefit," and "the importance of the proposed discovery in resolving the issues." Addressing these and other limitations added by the 1993 discovery amendments, the Committee Note stated that "[t]he revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery...."

The relationship between Rule 26(b)(1) and (2) was further addressed by an amendment made in 2000 that added a new sentence at the end of (b)(1): "All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)[now Rule 26(b)(2)(C)]." The Committee Note recognized that "[t]hese limitations apply to discovery that is otherwise within the scope of subdivision (b)(1)." It explained that the Committee had been told repeatedly that courts were not using these limitations as originally intended. "This otherwise redundant cross-reference has been added to emphasize the need for active judicial use of subdivision (b)(2) to control excessive discovery."

The present amendment restores the proportionality factors to their original place in defining the scope of discovery. This change reinforces the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections.

Restoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality, and the change does not place on the party seeking discovery the burden of addressing all proportionality considerations.

Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not

proportional. The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.

The parties may begin discovery without a full appreciation of the factors that bear on proportionality. A party requesting discovery, for example, may have little information about the burden or expense of responding. A party requested to provide discovery may have little information about the importance of the discovery in resolving the issues as understood by the requesting party. Many of these uncertainties should be addressed and reduced in the parties' Rule 26(f) conference and in scheduling and pretrial conferences with the court. But if the parties continue to disagree, the discovery dispute could be brought before the court and the parties' responsibilities would remain as they have been since 1983. A party claiming undue burden or expense ordinarily has far better information — perhaps the only information — with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

The direction to consider the parties' relative access to relevant information adds new text to provide explicit focus on considerations already implicit in present Rule 26(b)(2)(C)(iii). Some cases involve what often is called "information asymmetry." One party – often an individual plaintiff – may have very little discoverable information. The other party may have vast amounts of information, including information that can be readily retrieved and information that is more difficult to retrieve. In practice these circumstances often mean that the burden of responding to discovery lies heavier on the party who has more information, and properly so.

Restoring proportionality as an express component of the scope of discovery warrants repetition of parts of the 1983 and 1993 Committee Notes that must not be lost from sight. The 1983 Committee Note explained that "[t]he rule contemplates greater judicial involvement in the discovery process and thus acknowledges the reality that it cannot always operate on a self-regulating basis." The 1993 Committee Note further observed that "[t]he information explosion of recent decades has greatly increased both the potential cost of wide-ranging discovery and the potential for discovery to be used as an instrument for delay or oppression." What seemed an explosion in 1993 has been exacerbated by the advent of e-discovery. The present amendment again reflects the need for continuing and close judicial involvement in the cases that do not yield

readily to the ideal of effective party management. It is expected that discovery will be effectively managed by the parties in many cases. But there will be important occasions for judicial management, both when the parties are legitimately unable to resolve important differences and when the parties fall short of effective, cooperative management on their own.

It also is important to repeat the caution that the monetary stakes are only one factor, to be balanced against other factors. The 1983 Committee Note recognized "the significance of the substantive issues, as measured in philosophic, social, or institutional terms. Thus the rule recognizes that many cases in public policy spheres, such as employment practices, free speech, and other matters, may have importance far beyond the monetary amount involved." Many other substantive areas also may involve litigation that seeks relatively small amounts of money, or no money at all, but that seeks to vindicate vitally important personal or public values.

So too, consideration of the parties' resources does not foreclose discovery requests addressed to an impecunious party, nor justify unlimited discovery requests addressed to a wealthy party. The 1983 Committee Note cautioned that "[t]he court must apply the standards in an even-handed manner that will prevent use of discovery to wage a war of attrition or as a device to coerce a party, whether financially weak or affluent."

The burden or expense of proposed discovery should be determined in a realistic way. This includes the burden or expense of producing electronically stored information. Computer-based methods of searching such information continue to develop, particularly for cases involving large volumes of electronically stored information. Courts and parties should be willing to consider the opportunities for reducing the burden or expense of discovery as reliable means of searching electronically stored information become available.

....

Rule 26(b)(2)(C)(iii) is amended to reflect the transfer of the considerations that bear on proportionality to Rule 26(b)(1). The court still must limit the frequency or extent of proposed discovery, on motion or on its own, if it is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26, 2015 comm. note (emphasis added).

To be sure, just as was the case before the December 1, 2015 amendments, under

Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery

that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) ("Accordingly, district courts must be mindful of the limitations placed on the frequency and extent of discovery under the federal rules, particularly Rule 26(b). For instance, a district court must limit otherwise permissible discovery if it determines that 'the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.' FED. R. CIV. P. 26(b)(2)(C)(iii); *see Murphy*, 619 F.3d at 1163 (holding that all discovery, including discovery in ERISA matters, 'is limited by Rule 26(b)(2), which protects against, inter alia, overly burdensome discovery requests, discovery of cumulative materials, and overly costly discovery requests'). Rule 26(b) 'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.' *Murphy*, 619 F.3d at 1163. We trust that district courts will guard against abusive discovery.").

   But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to

address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The party seeking discovery, as the Committee Note recognizes, may well need to – in order to prevail on a motion to compel or resist a motion for protective order – make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing.

And, as the Committee Note recognizes, the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is subject to Federal Rule of Civil Procedure 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., [the request] is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces

Federal Rule of Civil Procedure 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller v. City of Dallas*, 303 F.R.D. 466, 475-77, 493-95 (N.D. Tex. 2014).

But the amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to – in order to prevail on a motion for protective order or successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of proper discovery (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

## Analysis

### I.   Plaintiff's Deposition

Plaintiff has offered no excuse for his failure to appear for his deposition or to reschedule his deposition that State Farm noticed for a date and time on which counsel agreed after conferring, and Plaintiff has not file a Rule 26(c) motion for protective order as to his noticed deposition. The Court grants State Farm's request as to Plaintiff's deposition and ORDERS that Plaintiff must appear for an oral deposition on a mutually agreeable date prior to December 18, 2015.

### II.   Supplementation of Discovery Responses

Plaintiff's discovery responses reported that he would supplement his response to Request for Production No. 16 and his answers to Interrogatory Nos. 2, 6-15, 18-20, 22 and 23 subject to and/or without waiving certain objections he raised to each.

-18-

*See* Dkt. No. 14-1. But Defendant complains that Plaintiff still has not done so in advance of the December 18, 2015 deadline to complete discovery.

As the Court has previously explained, "responding to interrogatories and documents requests 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure"; "this manner of responding to a document request or interrogatory leaves the requesting party guessing and wondering as to the scope of the documents or information that will be provided as responsive will be"; "outside of the privilege and work product context..., responding to a document request or interrogatory 'subject to' and 'without waiving' objections is not consistent with the Federal Rules or warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; "a responding party has a duty to respond to or answer a discovery request to the extent that it is not objectionable" and "must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why"; "if the request is truly objectionable – that is, the information or documents sought are not properly discoverable under the Federal Rules – the responding party should stand on an objection so far as it goes"; and, "as a general matter, if an objection does not preclude or prevent a response or answer, at least in part, the objection is improper and should not be made." *Heller*, 303 F.R.D. at 487-88 (internal quotation marks omitted).

Plaintiff has already indicated that he is not standing on his objections, at least as to the entire interrogatory, as to Interrogatory Nos. 2, 6-12, 14-15, and 18-20, and Plaintiff did not object at all to Interrogatory Nos. 13, 22, and 23 and Request for Production No. 16. *See* Dkt. No. 14-1. Further, Plaintiff has not responded to the motion to compel other than to explain in the Joint Status Report that Plaintiff's counsel's office has attempted to contact Plaintiff in order to obtain information necessary to supplement the discovery responses. *See* Dkt. No. 18 at 1.

Accordingly, under Rule 26(e)(1) and Rule 37(c)(1), the Court ORDERS that Plaintiff must fully supplement his response – and produce all documents responsive – to Request for Production No. 16 and must fully supplement his answers to Interrogatory Nos. 2, 6-15, 18-20, 22 and 23, consistent with the proper manner of responding or answering as laid out above and more fully in *Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. 2014), by **December 14, 2015**.

III.   <u>Objections to Discovery Requests</u>

   A.   *Interrogatory Nos. 6-12*

State Farm's Interrogatory Nos. 6-12 seek information on Plaintiff's medical procedures as to his spine, shoulders, and wrist since January 1, 2008; on all motor vehicle accidents and work-related injuries during the same time period in which Plaintiff suffered bodily medical injury; on medical providers that Plaintiff has seen or consulted with during the five-year period before the accidence at issue and also after accident; and on any injury that Plaintiff sustained or sought treatment for to a body part that he allegedly reinjured as a result of the accident at issue. *See* Dkt. No. 14-1.

In response, Plaintiff objected that these interrogatories sought information "protected by the physician/patient." *Id.* In support of its motion to compel, Defendant asserts that Plaintiff appears to be "referring to the physician/patient privilege" but that "medical information is discoverable if the communication or record is relevant to the issue of the physical, mental or emotional condition of a patient in a proceeding in which any party relies on the condition as part of its claim or defense." Dkt. No. 14 at 4 (footnote omitted). Defendant contends that, "[c]learly, Plaintiff's medical condition, including his medical condition prior to the Accident, is relevant to the claims and defenses in this lawsuit." *Id.*

As noted above, Plaintiff indicated that he would supplement his answers to these interrogatories subject to and without waiving his objections, and Plaintiff has not responded to the motion to compel and has not urged, and argued in support of, his objections to these interrogatories. *See* Dkt. No. 14-1. Plaintiff's objections are therefore waived. But, even if they were not waived, the Court agrees with State Farm that Plaintiff's objections based on the physician-patient privilege do not justify a failure to fully answer these interrogatories.

Plaintiff's claims are governed by Texas law, and State Farm removed this case under the Court's diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1; Dkt. No. 1-5; Dkt. No. 1-10. This Court sitting in diversity applies Texas privilege law. *See* Fed. R. Evid. 501. Texas Rule of Evidence 509 recognizes the physician-patient privilege, but, in civil proceedings, Texas provides for an exception where the party relies on the condition as part of the party's claim or defense. *See* Tex. R. Evid.

509(e)(4); *De Santiago-Young v. Histopath, Inc.*, Civ. A. No. 2:14-cv-179, 2015 WL 1542475, at *2 (S.D. Tex. Apr. 1, 2015). In connection with this privilege, the Texas Supreme Court has "recognize[d] that private medical and mental health records should not become a matter of public record or public knowledge solely because a person either seeks redress or defends in court" but rejected an argument that discovery of a litigant's medical and mental health records "violates his constitutional right of privacy," where "[t]he patient-litigant exceptions in Rules 509 and 510, as we have interpreted them, are not unconstitutional." *R.K. v. Ramirez*, 887 S.W.2d 836, 840, 843 (Tex. 1994). "[T]he exceptions to the medical and mental health privileges apply when (1) the records sought to be discovered are relevant to the condition at issue, and (2) the condition is relied upon as a part of a party's claim or defense, meaning that the condition itself is a fact that carries some legal significance." *Id.* at 843.

After reviewing State Farm's Interrogatory Nos. 6-12, the Court concludes that the information sought by each interrogatory fits within this exception to the privilege, is properly discoverable under Rule 26(b)(1), and is proportional to the needs of the case and ORDERS that Plaintiff's objections to Interrogatory Nos. 6-12 are overruled and that Plaintiff must fully answer Interrogatory Nos. 6-12 by **December 14, 2015**.

But, in view of Plaintiff's privacy and confidentiality interests in his health history and medical records, the Court further ORDERS State Farm's counsel and Plaintiff's counsel to negotiate an appropriate confidentiality agreement or protective order to govern the use and disclosure of Plaintiff's medical records and information

in connection with this case and to submit to the Court, by **December 11, 2015**, an agreed protective order for the Court's consideration or a notice of any confidentiality agreement into which the parties have entered.

B.      *Request for Production Nos. 10, 11, 14, and 18*

State Farm's Request for Production Nos. 10, 11, 14, and 18 seek documents reflecting payments that Plaintiff received as a result of the accident at issue, documents reflecting other indemnity and insuring agreements covering Plaintiff at the time of the accident, and documents sent by Plaintiff or his attorney to any insurance company after the accident related to Plaintiff's personal injury claim. *See* Dkt. No. 14-1. Plaintiff asserted several objections to these document requests, including objections that the requests are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. *See id.* In support of its motion to compel, Defendant explains that "[t]he policy under which Plaintiff seeks to recover includes an 'Other Insurance' provision" and asserts that "[t]hese requests are directly relevant to any offsets to which State Farm may be entitled, among other information." Dkt. No. 14 at 5.

Again, Plaintiff has not responded to the motion to compel and has not urged, and argued in support of, his objections to these requests. Those objections are therefore waived. But, even if they were not waived, after reviewing State Farm's Request for Production Nos. 10, 11, 14, and 18, the Court concludes that the documents sought by each request are properly discoverable under Rule 26(b)(1) and proportional to the needs of the case and ORDERS that that Plaintiff's objections to Request for

Production Nos. 10, 11, 14, and 18 are overruled and that Plaintiff must fully respond – and produce all documents responsive – to Request for Production Nos. 10, 11, 14, and 18 by **December 14, 2015**.

IV.  Award of Reasonable Expenses

State Farm has not specifically moved for an award of its reasonable expenses, including attorneys' fees, under Rules 37(c)(1) or 37(d)(1) as caused by Plaintiff's failure to appear for his deposition or to supplement as Rule 26(e)(1) requires. But, as noted above, Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if, as here, a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

The Court will grant Plaintiff until **December 28, 2015** to file a response to this order to explain why the Court should not require Plaintiff and/or his counsel to pay Defendant State Farm Mutual Automobile Insurance Company, as a sanction as required by Rule 37(a)(5), the expenses, including attorneys' fees, that Defendant incurred in making its motion to compel Plaintiff's responses to Request for Production Nos. 10, 11, 14, and 18 and answers to Interrogatory Nos. 6-12. The Court finds that

Defendant attempted in good faith to obtain the discovery at issue without court action before filing its motion to compel. *See* Dkt. No. 14-1. In the response, Plaintiff should fully explain whether Plaintiff's nondisclosure, responses, or objections at issue were "substantially justified" or whether other circumstances make an award of expenses under Rule 37(a)(5) unjust.

Defendant may file a reply to this response by **January 18, 2016**. The Court defers ruling on any award of expenses under Rule 37(a)(5) pending this briefing.

### Conclusion

For the reasons and to the extent explained above, the Court GRANTS Defendant's Motion to Compel Plaintiff's Discovery Responses and Oral Deposition [Dkt. No. 14].

SO ORDERED.

DATED: December 7, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE