IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM ORAN CARR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1026-M |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>[1]

### Background

Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm") filed a Motion to Compel Plaintiff's Discovery Responses and Oral Deposition. *See* Dkt. No. 14 (the "Motion to Compel"). United States District Judge Barbara M.G. Lynn referred the motion to the undersigned United States magistrate judge for determination. *See* Dkt. No. 15.

In its Motion to Compel, Defendant asserted that Plaintiff William Oran Carr failed to adequately respond to State Farm's discovery requests and subsequently failed to amend or supplement his responses, despite State Farm's request to do so,

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

and that Plaintiff had also not given his oral deposition, despite requests to reschedule it. *See* Dkt. No. 14 at 1. State Farm asked the Court to order Plaintiff to appear for an oral deposition on a mutually agreeable date prior to December 18, 2015 and to fully respond to the requests and interrogatories at issue one week prior to his oral deposition. *See id.* at 5-6.

After the Motion to Compel was referred, the Court ordered Plaintiff's counsel and Defendant's counsel to confer to attempt to resolve the disputes in the motion and then file a joint status report. *See* Dkt. No. 16. The parties thereafter filed a Joint Status Report that explained that, during a telephone conference, Plaintiff's counsel indicated that his office has attempted to contact Plaintiff in order to obtain information necessary to supplement the discovery responses and available dates for scheduling Plaintiff's oral deposition but that Plaintiff was not responding, and the parties explained that, due to Plaintiff's failure to respond to his counsel, the parties were not able to resolve the issues presented in Defendant's Motion to Compel. *See* Dkt. No. 18.

The Court then ordered that Plaintiff file a written response to the Motion to Compel by December 4, 2015. *See* Dkt. No. 19. Plaintiff did not do so.

In a December 7, 2015 Memorandum Opinion and Order, the Court granted Defendant's Motion to Compel Plaintiff's Discovery Responses and Oral Deposition [Dkt. No. 14] and ordered that Plaintiff must appear for an oral deposition on a mutually agreeable date prior to December 18, 2015; that Plaintiff must fully supplement his response – and produce all documents responsive – to Defendant's

Request for Production No. 16 and must fully supplement his answers to Defendant's Interrogatory Nos. 2, 6-15, 18-20, 22 and 23, consistent with the proper manner of responding or answering as laid out in the opinion and more fully in *Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. 2014), by December 14, 2015; that Plaintiff's objections to Defendant's Interrogatory Nos. 6-12 are overruled and that Plaintiff must fully answer Interrogatory Nos. 6-12 by December 14, 2015; and that Plaintiff's objections to Defendant's Request for Production Nos. 10, 11, 14, and 18 are overruled and that Plaintiff must fully respond – and produce all documents responsive – to Request for Production Nos. 10, 11, 14, and 18 by December 14, 2015. *See* Dkt. No. 21.

The Court further noted that State Farm has not specifically moved for an award of its reasonable expenses, including attorneys' fees, under Federal Rules of Civil Procedure 37(c)(1) or 37(d)(1) as caused by Plaintiff's failure to appear for his deposition or to supplement as Rule 26(e)(1) requires. *See id.* at 24. But the Court noted that Rule 37(a)(5)(A) provides that, if, as here, a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* (quoting Fed. R. Civ. P. 37(a)(5)(A)).

In the December 7, 2015 Memorandum Opinion and Order, the Court granted Plaintiff until December 28, 2015 to file a response explaining why the Court should not require Plaintiff and/or his counsel to pay Defendant State Farm Mutual Automobile Insurance Company, as a sanction as required by Rule 37(a)(5), the expenses, including attorneys' fees, that Defendant incurred in making its motion to compel Plaintiff's responses to Defendant's Request for Production Nos. 10, 11, 14, and 18 and answers to Defendant's Interrogatory Nos. 6-12. *See id.* The Court further found that Defendant attempted in good faith to obtain the discovery at issue without court action before filing its Motion to Compel. *See id.* at 24-25 (citing Dkt. No. 14-1). The Court ordered that, "[i]n the response, Plaintiff should fully explain whether Plaintiff's nondisclosure, responses, or objections at issue were 'substantially justified' or whether other circumstances make an award of expenses under Rule 37(a)(5) unjust"; that Defendant may file a reply to this response by January 18, 2016; and that the Court defers ruling on any award of expenses under Rule 37(a)(5) pending this briefing. *Id.* at 25.

The parties thereafter filed an Agreed Motion to Extend Discovery Deadline, reporting that Plaintiff's counsel's office notified Defendant's counsel that Plaintiff had responded to their requests for availability and advised that he will be out-of-state for work until the end of 2015 and that the parties had agreed to schedule the oral deposition for January 6, 2016. *See* Dkt. No. 24 at 1.

Plaintiff then, as ordered, filed a response as to a possible Rule 37(a)(5)(A) award of expenses. *See* Dkt. No. 25. In the response, Plaintiff's counsel explained that,

although State Farm narrowed the scope of Defendant's Request for Production Nos. 10, 11, 14, and 18 in its Motion to Compel – and, the Court notes, in its pre-filing correspondence with Plaintiff's counsel, *see* Dkt. No. 14-1 at 20 of 28 – "Plaintiff's counsel was not able to respond to the more narrow inquiry presented by Defendant in its motion to compel, related to offsets to which State Farm may be entitled, because he was not able to get the information needed from Plaintiff William Oran Carr in a timely manner." Dkt. No. 25 at 2. Plaintiff's response explains that "Plaintiff William Oran Carr is the Assistant Defensive Line Coach at [the] University of Michigan"; that, "[a]lthough he is from Dallas, he currently lives in Ann Arbor, Michigan"; that, "[a]s part of his employment obligations, Mr. Carr was instructed by his employer to cease communication with the outside public during a period of time coinciding with football season"; and that, "[a]s such, when Plaintiff's counsel contacted Mr. Carr by phone regarding information necessary to respond to Defendant's motion to compel and to supplement discovery in general, Mr. Carr was unresponsive." *Id.*

Plaintiff's response further explains that, "[l]ikewise, when counsel for Plaintiff served discovery-related documents on Mr. Carr during this time period, service was not accepted"; that "Plaintiff's counsel attempted to communicate to Mr. Carr about the nature of his legal obligation to cooperate in the discovery process of this federal proceeding"; that "such communication was stalled by Mr. Carr's employment during the active football season"; and that "[s]uch circumstances might have been good cause for Plaintiff's counsel to withdraw, as representation had been rendered unreasonably difficult by the client," "[b]ut, Plaintiff's counsel feared that withdrawing could

materially and adversely affect Mr. Carr's case, particularly as Mr. Carr was temporarily not communicating with the public, and could have inadvertently subjected himself to being held in contempt of court." *Id.* at 2-3.

Plaintiff further explains that, as to Defendant's Interrogatory Nos. 6-12, "although in his initial attorney-client consultation Mr. Carr stated that he had not suffered previous injuries to his spine, shoulders, and wrist despite his prior football career, Plaintiff's counsel feared that certain potential medical conditions responsive to the Interrogatories could have been overlooked"; that "Plaintiff's counsel felt obligated to further explore this discovery issue with Plaintiff, but could not do so adequately during the active football season and Mr. Carr's coinciding employment obligations"; that, "[d]ue only to counsel's inability to communicate with Mr. Carr during a critical time period in the discovery process, Plaintiff's counsel could not explore other potential medical conditions or injuries subject to disclosure under the Interrogatories"; and that "these potential injuries and/or medical conditions, and any treatment therefore, could have been protected by privilege." *Id.* at 4.

Plaintiff reports that "Plaintiff and Defendant have since entered into an agreement that any and all documents and things containing information regarding William Oran Carr's medical history, his medical condition, medical procedures he has undergone or that have been recommended for him, his medical test results, the medications he has been prescribed or has used, and/or any treatments he has received or has be referred to receive, are to be treated as confidential information in this litigation." *Id.*

Plaintiff finally asserts that, "instead of withdrawing from representation of Mr. Carr, which might have resulted in an a materially adverse affect on Mr. Carr's interests in this case, Plaintiff's counsel made the choice to continue to diligently pursue communications with Mr. Carr"; that, "[n]ow that the pressing demands of football season that impact Mr. Carr's career have temporarily subsided, Plaintiff's counsel is confident that all discovery requested can be supplemented to the extent ordered by the Court"; that "[t]here is no evidence Plaintiff has consciously engaged in willful or contumacious behavior to avoid discovery"; that, "due to the unique circumstances presented, sanctions would not be a deterrent to discovery abuse"; and that "Defendant's case has not been impacted by Plaintiff's delayed responses." *Id.* at 4-5. Plaintiff contends that, "[f]or these reasons, an award requiring Plaintiff or his counsel to pay Defendant's expenses in connection with these proceedings as discovery sanctions, would be unjust." *Id.* at 5.

State Farm did not file a reply as permitted by the Court's December 7, 2015 Memorandum Opinion and Order [Dkt. No. 21].

## Analysis

The Court agrees that, while every case involves its own facts, these are unique circumstances. In light of their efforts to communicate with Defendant's counsel and with their client, the Court finds that an award of expenses to be paid by Plaintiff's counsel would be unjust under the circumstances.

But the Court finds that, as to a possible Rule 37(a)(5) award of expenses to be paid by Plaintiff himself, Plaintiff's nondisclosures in response to, or failure to fully

respond to, State Farm's discovery requests were not substantially justified in light of his failure to communicate with his own counsel in connection with his own lawsuit.

The law recognizes certain circumstances in which a party's inaccessibility or inability to communicate or participate in litigation may be excused or justified. For example, the law provides certain protections to persons in military service against default judgments. *See* 50 App. U.S.C. § 521.

But, here, Plaintiff failed to communicate with his own counsel over the course of months despite counsel's diligent efforts to communicate with him in an effort to comply with Plaintiff's discovery obligations under the Federal Rules of Civil Procedure. And Plaintiff did so, by his own account, as part of his employment obligations as a college football coach.

Plaintiff's counsel does not invoke any law or rule that provides a protection or excuse, based on this employment, against complying with discovery obligations imposed on any party pursuing or defending claims in federal court. And, although Plaintiff's remaining incommunicado through the course of the college football season may not have ultimately delayed the progress of this case, that may have been simply the function of a happy accident that discovery closed around the end of the college football season. And, in any event, Plaintiff's lack of communication with his counsel did result in State Farm's being forced to file its Motion to Compel and in Plaintiff's counsel's inability to effectively confer and respond as to the discovery matters at issue.

Again, State Farm has not sought an award of its expenses under Federal Rule of Civil Procedure 37. And the Court appreciates that Plaintiff may by now have

complied with his discovery obligations at issue in the Motion to Compel and as ordered by the Court's December 7, 2015 Memorandum Opinion and Order [Dkt. No. 21].

But the Court cannot condone a party's failing for a sustained period to communicate with his or her own counsel as to discovery responses and deposition scheduling, particularly where it results in another party's needing to file – and the Court's needing to decide – a discovery motion that very likely would have been avoided had the party been participating in the case as required.

## Conclusion

Accordingly, the Court ORDERS that, pursuant to Rule 37(a)(5)(A), Plaintiff William Oran Carr is required to pay Defendant State Farm Mutual Automobile Insurance Company its reasonable attorneys' fees and costs incurred in making its Motion to Compel Plaintiff's Discovery Responses and Oral Deposition [Dkt. No. 14] but limited specifically to reasonable attorneys' fees and costs incurred in drafting and filing the motion insofar as it sought to compel Plaintiff's responses to Request for Production Nos. 10, 11, 14, and 18 and answers to Interrogatory Nos. 6-12 and not in connection with the Motion to Compel's other requests for relief or with any communications with Plaintiff's counsel regarding the Motion to Compel or filing the court-ordered joint status report.

Northern District of Texas Local Civil Rule 7.1 requires that parties confer before filing an application for attorneys' fees. Plaintiff's counsel and Defendant's

counsel are therefore directed to meet face-to-face and confer about the reasonable amount of these attorneys' fees and costs to be awarded under Rule 37(a)(5)(A).

This face-to-face requirement is not satisfied by a telephonic conference. Any attorney refusing to appear for this meeting or to confer as directed will be subject to sanctions.

By no later than **February 12, 2016**, the parties must file a joint status report notifying the Court of the results of the conference. If all disputed issues as to the amount of attorneys' fees and costs to be awarded to State Farm have been resolved, Defendant's counsel must also send an agreed proposed order to the Court at Horan_Orders@txnd.uscourts.gov by **February 12, 2016**.

If the parties do not reach an agreement as to the amount of attorneys' fees and costs to be awarded to State Farm, State Farm must, by no later than **February 19, 2016**, file an application for attorneys' fees and costs that is accompanied by supporting evidence establishing the amount of the reasonable attorneys' fees and costs (as described above) to be awarded under Rules 37(a)(5)(A). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records, and citations to relevant authorities and shall set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) (using the "lodestar" method to award attorney's fees under Rule 37).

If an application is filed, Plaintiff may file a response by **March 11, 2016**, and State Farm may file a reply by **March 25, 2016**.

SO ORDERED.

DATED: January 21, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE